## MORRISON v MORRISON

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 21, 1932

Edward L. Williams, Akron, for plaintiff in error.
E. S. Speidel for defendant in error.

**FARR, J.**

Coming to the first proposition as to gross neglect of duty, on pages 10, 11 and 12 of the record of the original case it is disclosed that for a short time after marriage the parties lived together, and this is the testimony of Mrs. Morrison; that he paid some of the gas and grocery bills and later he began to become petulant and unpleasant about the payment of these bills, and she says that on some occasions he refused to pay these bills and that she was required to make payment.

It appears that Mrs. Morrison kept a rooming house. Perhaps her daughter and son-in-law had roomed in the home. Morrison insisted that these bills be paid by her out of the rentals or the income so ac-

cruing; and there is some other testimony in the record corroborating these statements. She says that all that he provided for her after their marriage was a hat, a dress, a pair of shoes and probably some other articles of wearing apparel, at an inconsiderable price amounting all told to just a few dollars.

It is the duty of a husband, who is by statute created the head of the household, to reasonably provide for his home, and that so long as the expenditures and amounts are reasonable in character, it is his duty to make payment without objection or fuss or annoyance. This was not his attitude in the instant case, and having in mind all of the testimony in that behalf disclosed by the record, the conclusion is that he was guilty of gross neglect in that he became unreasonable and unwilling to meet the demands that were upon him in this behalf, although it is disclosed by the record that he was sufficiently able at that time.

The other ground upon which the divorce was granted was impotency. He admits this charge in the record. The statutes of Ohio provide ten grounds for divorce and this is one of the grounds set out in the statute. He admits the existence of that ground. The statute does not fix any age with reference to impotency, so that, adhering to the letter of the statute, the finding of the court below is sustained by the testimony because Morrison admits the charge.

As to the motion to set aside the decree entered in the court below, Morrison took the witness stand and testified that he made numerous trips to see Mr. Karberg, who was his counsel. First were the negotiations of settlement by letter, and then he visited Mr. Karberg at different times and finally the quit-claim deed to her property was executed in the office of Mr. Karberg. One can not read this record without reaching the conclusion that Morrison at the age of near 73 years was still sufficiently in possession of his mental faculties to understand fully what such settlement would mean, and again it is clearly indicated by his conduct that he understood, because without objection he executed the quit-claim deed to Mrs. Morrison's property. On the other hand, Mr. Karberg took the witness stand and said that Morrison had visited him at numerous times. He says that he had advised him to make a settlement of the difficulties between the two, that is, an adjustment of their financial affairs, and that he explained to Mr. Morrison fully about it and one can not read the testimony of Mr. Karberg without feeling that he fairly testified in this case, being a reputable member of this bar.

The conclusion is reached that Morrison well enough understood what he was doing and only upon reflection and the coining of an afterthought did he conclude that he would prefer to have settled otherwise. The difficulty was that he had entered into this agreement, the transaction between them is clear and explicit enough. She received five twenty-sevenths of the money in a joint account in a bank or a Savings & Loan Company. He retained twenty-two twenty-sevenths of that amount. The sum allowed to her was perhaps little enough under all the circumstances. Therefore, the conclusion is that the judgment should be affirmed and it is so ordered.

ROBERTS and POLLOCK, JJ, concur in the judgment.